UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| LISA RUDESILL | CIVIL ACTION |
|---|---|
| VERSUS | |
| CHARTER COMMUNICATIONS, LLC | NO: 18-00685-BAJ-EWD |

## RULING AND ORDER

Before the Court are several motions for summary judgment, including the **Motion for Partial Summary Judgment** filed by Entergy Louisiana, LLC ("Entergy") (Doc. 52), the **Motion for Partial Summary Judgment** filed by Plaintiff (Doc. 53), the **Motion for Summary Judgment** filed by Entergy (Doc. 54), and the **Motion for Summary Judgment** filed by Charter Communications, LLC ("Charter") (Doc. 55). Responses in opposition to each motion have been filed (Docs. 83, 71, 67, 66). For the following reasons, Entergy's **Motion for Partial Summary Judgment (Doc. 52) is DENIED**. Plaintiff's **Motion for Partial Summary Judgment (Doc. 53) is DENIED**. Entergy's Motion for Summary Judgment **(Doc. 54) is DENIED**. Charter's Motion for Summary Judgment (Doc. 55) is **DENIED**.

I.   FACTUAL BACKGROUND

Plaintiff alleges that on June 8, 2017, a cable line belonging to Charter was snagged by a boat being towed down her driveway. (Doc. 26, at 4). Plaintiff allegedly became entangled in the cable and was dragged across the ground and underneath the trailer towing the boat. (*Id.* at 5). Plaintiff allegedly suffered severe physical,

economic, and emotional injuries. (*Id.* at 4). Plaintiff alleges negligence on the part of Charter for failing to install and maintain the cable line at a safe height and for failing to properly respond to complaints that the cable line appeared to be too low, and Entergy for failing to properly locate its own service lines, to oversee Charter's positioning of its cable line, and to allow or require Charter to move its cable line. (*Id.* at 5). Plaintiff also alleges that both Charter and Entergy are strictly liable for her injuries. *Id.*

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the nonmovant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At that moment, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment

must be denied. *Id.*

The nonmovant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

### A. Entergy's Motion for Partial Summary Judgment (Doc. 52)

Entergy requests that the Court grant its claim for indemnity against Charter on summary judgment. However, the Louisiana Supreme Court has held that "a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." *Meloy v. Conoco, Inc.*, 504 So. 2d 833, 839 (La. 1987). Thus, at this early stage in the proceedings, Entergy's motion for partial summary judgment as to its indemnity claim must be denied without prejudice. *See Winslow v. Am. Airlines, Inc.*, No. CIV.A. 07-236, 2008 WL 4469962, at *1 (E.D. La. Sept. 29, 2008) ("Louisiana courts have noted that in those situations where a claim for defense and indemnity is made before a judicial determination of fault, there is no prohibition from . . . deferring resolution of the claim until the lawsuit concludes and liability [is] determined.").

Entergy also requests that the Court declare Charter to be in breach of contract for failure to obtain commercial general liability insurance. An examination of the

pole attachment agreement between Entergy and Charter reveals that Charter agreed to carry comprehensive general liability insurance with a combined single limit of not less than one million, five hundred thousand dollars ($1,500,000) for bodily injury and property damage and to name Entergy as an additional insured. (Doc. 52-2, at 8). Entergy contends that Charter's initial disclosures under Federal Rule of Procedure 26 indicated that it would provide information on insurance coverage, but that it has not received any such information to date. In its response in opposition, Charter neither contends that it has provided information on insurance coverage nor cites to any evidence providing information on insurance coverage. In fact, Charter simply does not address the issue of insurance coverage in the response. However, given that the lawsuit has not concluded, the Court will defer resolution of Charter's breach of contract claim until Entergy's liability is determined. Nonetheless, the Court notes that Entergy appears to have a viable breach of contract claim against Charter. The Court invites Entergy to renew its claim at a later stage of this case.

### B. Plaintiff's Motion for Partial Summary Judgment (Doc. 53)

Plaintiff argues that Charter was negligent for failing to install and maintain the cable line at a safe height and for failing to properly respond to complaints that the cable line appeared to be too low. Plaintiff also argues that Charter is strictly liable for her injuries.

In a negligence case under Louisiana law,[1] the plaintiff must prove 1) that the defendant had a duty to conform his conduct to a specific standard, 2) that the defendant's conduct failed to conform to the appropriate standard, 3) that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries, 4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries, and 5) actual damages. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008). Assuming *arguendo* that Plaintiff can prove the duty, cause-in-fact, legal cause, and damages elements, the motion for partial summary judgment must still be denied as to Plaintiff's negligence claim.

On the one hand, Plaintiff contends that Charter raised the cable line around three weeks before her accident. (Doc. 53-2, at 2). According to the individual who raised the cable line, it was raised to a sufficient height. (Doc. 53-3, at 5). However, Plaintiff claims that she could not see a significant difference between where the cable line was previously located and where it was later raised. (Doc. 53-2, at 2).

On the other, Charter contends that before the cable line was raised, Plaintiff's husband attempted to park the boat underneath it and realized that there was not enough room between the boat and the cable line. (*Id.* at 6). Then, on May 12, 2017, Chad Spiess, a Charter technician, was dispatched to Plaintiff's house to raise the cable line. (Doc. 71-1, at 1). Spiess informed Plaintiff that he could not raise the cable line any higher unless Entergy raised its electrical lines. (*Id.* at 2). However,

---

[1] Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), the Court is required to follow state law in cases in which federal jurisdiction is based on diversity of citizenship. *Jesco Const. Corp. v. NationsBank Corp.*, 278 F.3d 444, 447 (5th Cir. 2001).

Spiess was able to raise the cable line an additional 2.5 feet from the ground without moving it up on the utility "bump" pole by installing a third P-hook to the right of the previous P-hook.[2] *Id.* According to Charter, Plaintiff was consulted on the new height of the cable line and approved it. *Id.*

Based on this evidence, a reasonable jury, drawing all inferences in favor of Charter, could arrive at a verdict in its favor on Plaintiff's negligence claim. First, a jury could find Charter's contention that it raised the cable line 2.5 feet more credible than Plaintiff's contention that there was not a significant difference between where the cable line was previously located and where it was raised. Second, if there was not a significant difference between where the cable line was previously located and where it was raised, Plaintiff and her husband's decision to continue to park the boat underneath the cable line, even after they became aware that there was not enough room between the boat and the cable line, could amount to contributory negligence. Third, a jury may conclude that Entergy is partially or fully liable for Plaintiff's injuries due to its alleged failure to raise its own electrical lines.

Moving on to Plaintiff's strict liability claim, under Louisiana law, there is essentially no difference between a strict liability claim and a negligence claim. *Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 729 (5th Cir.). Thus, for the foregoing reasons, the motion for partial summary judgment must also be denied as to Plaintiff's strict liability claim.

---

[2] Though the parties do not define "P-hook," it appears to be an abbreviation for "pole hook."

## C. Entergy's Motion for Summary Judgment (Doc. 54)

### 1. Plaintiff's Negligence Claim

With regard to Plaintiff's negligence claim, Entergy argues that it did not owe a duty of care to Plaintiff because the cable line that Plaintiff became entangled in belonged to Charter. Under Louisiana law, in cases which involve accidents other than electrocution that occur on the property of the customer and that are allegedly caused by some action or inaction on the part of the electric utility company, the utility company must use reasonable care in the installation, operation, and maintenance of its electric lines. *Hanks v. Entergy Corp.*, 2006-477 (La. 12/18/06), 944 So. 2d 564, 579.

In *Flowers v. Entergy Corp.*, 2008-1926 (La. App. 1 Cir. 1/29/10), 30 So.3d 283, the plaintiff parked his truck and an attached trailer on a driveway leading to his residence. The plaintiff climbed on top of the trailer to wash the truck and trailer, came into contact with a power line, and was severely injured. *Id.* The power line was maintained by Entergy; however, Charter had attached a cable line below the power line. *Id.* The plaintiff sued both Entergy and Charter. *Id.* At trial, the plaintiff alleged that the attachment of Charter's cable line negligently lowered Entergy's power line. *Id.* The jury rendered a verdict in favor of the defendants. *Id.* Despite the fact that the power line that the plaintiff came into contact with was maintained by Entergy, the appeals court held that both Entergy and Charter were responsible for their lines and owed a duty of care to the plaintiff. *Id.*

In the case at bar, Plaintiff argues that Entergy's alleged failure to raise its

service line prevented Charter from raising its own cable line, which caused her accident. In accordance with the holding in *Flowers v. Entergy Corp.*, the Court finds that Entergy owed a duty of care to Plaintiff, despite the fact that the cable line that she became entangled in belonged to Charter.[3]

Entergy also argues that even if it owed a duty to Plaintiff, its conduct conformed to the appropriate standard of care because it raised its own service line before Plaintiff's accident on June 8, 2017. Entergy contends that Plaintiff requested that Entergy raise its service line on May 16, 2017. (Doc. 54-3, at 2). As a result, Entergy raised the service line. *Id.* However, Plaintiff contends that Entergy did not raise its service line before the accident. (Doc. 67-1, at 3). Based on this evidence, if true, a reasonable jury, drawing all inferences in favor of Plaintiff, could arrive at a verdict in her favor. Thus, Entergy's motion for summary judgment as to Plaintiff's negligence claim must be denied.

### 2. Plaintiff's Strict Liability Claim

Regarding Plaintiff's strict liability claim, under Louisiana law, "[t]o recover for damages caused by a defective thing, a plaintiff must prove 1) that the thing was in the defendant's custody, 2) that the thing contained a defect which presented an unreasonable risk of harm to others, 3) that this defective condition caused damage, and 4) that the defendant knew or should have known of the defect." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 616 (5th Cir. 2018). Entergy argues that the

---

[3] "Under Louisiana law, the existence of a duty, and the corollary issue whether the duty extends to protect a particular plaintiff from a particular harm, are questions of law." *McLachlan v. New York Life Ins. Co.*, 488 F.3d 624, 627 (5th Cir. 2007).

cable line that Plaintiff became entangled in was not in its custody because it belonged to Charter. To determine whether a person has custody or *"garde"* over a thing, a trier-of-fact considers "(1) whether the person bears such a relationship as to have the right of direction and control over the thing; and (2) what, if any, kind of benefit the person derives from the thing." (*Id.* at 617). "[C]ustody or *"garde"* is a broader concept than ownership and custody or *garde* may be shared by multiple parties." *Alfred v. Anadarko Petroleum Corp.*, No. CIV.A. 13-211-JWD, 2014 WL 6633105, at *5 (M.D. La. Nov. 21, 2014)

While Entergy is correct in asserting that the cable line that Plaintiff became entangled in belonged to Charter, Entergy owned the pole to which Charter's cable line was attached. (Doc 54-2, at 2). An examination of the pole attachment agreement between Entergy and Charter reveals that Entergy reserved the right 1) to demand removal or relocation of Charter's cable lines or, in case of emergency, to perform that work itself (*Id.* at 3), 2) to impose requirements for Charter's cable lines (*Id.* at 4), and 3) to change those requirements or specifications at any time (*Id.*). Entergy also derived rent from Charter. (*Id.* at 7). Thus, the Court finds that Entergy had custody over Charter's cable line because Entergy had "the right of direction and control" over the cable line and derived a financial benefit from it. *Renwick*, 901 F.3d at 617.

Entergy also argues that even if the cable line was in its custody, it did not know and should not have known of the defect because it raised its own service line before Plaintiff's accident. As described above, there is a factual dispute as to whether

Entergy raised its service line before Plaintiff's accident. Thus, Entergy's motion for summary judgment as to Plaintiff's strict liability claim must be denied.

### D. Charter's Motion for Summary Judgment (Doc. 55)

Charter argues that the cause of the accident was an open and obvious hazard that Plaintiff and her husband ignored, which insulates it from liability. Under Louisiana law, "defendants generally have no duty to protect against an open and obvious hazard." *Butler v. Int'l Paper Co.*, 636 F. App'x 216, 218 (5th Cir. 2016) (quoting *Eisenhardt v. Snook*, 8 So.3d 541, 544 (La. 2009)).

Charter contends that before the cable line was raised, Plaintiff's husband attempted to park the boat underneath it and realized that there was not enough room between the boat and the cable line. (Doc. 55-4, at 26). Plaintiff's husband also admitted that he was aware of a different area away from the cable line in which he could safely park the boat. (*Id.* at 35). However, "[i]n order for a defect to be 'open and obvious,' it 'should be apparent to all who encounter the dangerous condition,' not just the plaintiff." *Butler*, 636 F. App'x at 218 (citing *Broussard v. State ex rel. Office of State Bldgs.*, 113 So.3d 175, 188 (La. 2013)). "The plaintiff's knowledge may lead to the inference that others were aware of the hazard, but the question is one of 'global knowledge.'" *Ray v. Stage Stores, Inc.*, 640 F. App'x 322, 326 (5th Cir. 2016) (citing *Broussard*, 113 So.3d at 188). Charter has not cited to sufficient evidence indicating that it was apparent to all, and not just to Plaintiff, that the height of the cable line was hazardous. Thus, Charter's motion for summary judgment must be denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Entergy's **Motion for Partial Summary Judgment (Doc. 52)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Partial Summary Judgment (Doc. 53)** is **DENIED**.

**IT IS FURTHER ORDERED** that Entergy's **Motion for Summary Judgment (Doc. 54)** is **DENIED**.

**IT IS FURTHER ORDERED** that Charter's **Motion for Summary Judgment (Doc. 55)** is **DENIED**.

Baton Rouge, Louisiana, this 18th day of December, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**